**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 09-084 (EGS) |
| | : | |
| v. | : | |
| | : | |
| JOHN BOUGHTON, | : | |
| | : | |
| Defendant. | : | |

<u>CONSENT RESTITUTION ORDER</u>

WHEREAS, on July 29, 2009, defendant John Boughton was sentenced to term of forty months incarceration followed by a three year period of supervised release upon his plea and conviction to one count of possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Pursuant to Title 18, United States Code, Section 3664(d)(5), and with the consent of the parties, the issue of restitution was bifurcated from the imposition of sentence, and a status hearing was scheduled for August 25, 2009.

WHEREAS, the Court finds that the mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA"), codified at Title 18, United States Code, Section 2259, which requires the Court to impose restitution order for any offense under Chapter 110, applies to a conviction for possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

WHEREAS, the Court finds that Title 18, United States Code, Section 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

( N )

WHEREAS, the Court finds that restitution, pursuant to Title 18, United States Code, Section 2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

WHEREAS, the Court finds that defendants convicted of Chapter 110 offenses must compensate their victims for the "full amount of the victim's losses," including:

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(2).

WHEREAS, the Court finds that Title 18, United States Code, Section 3664(h), which is incorporated by Title 18, United States Code, Section 2259(b)(2), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

WHEREAS, the Court finds that there is no dispute that the defendant possessed on his computer images of child pornography that depicted "Vicky" being sexually abused when she was approximately 10 or 11 years old.

WHEREAS, the Court finds that there is no dispute that "Vicky" is a victim based upon the presentence report, victim impact statement(s), forensic psychological report of "Vicky," and statements of counsel.

WHEREAS, there is no dispute that harm was caused to "Vicky" by persons who possess, disseminate or share the images of "Vicky" being sexually abused as a child.

Specifically, the Court finds that "Vicky's" knowledge that images of her abuse were being disseminated and possessed by others caused "Vicky" to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse. Accordingly, the Court finds that "Vicky" was harmed as a result of the criminal conduct engaged in by the defendant, John Boughton.

WHEREAS, there is no dispute that other individuals have been charged in multiple Districts with possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), wherein "Vicky" was a victim.

WHEREAS, there is no dispute that the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  That the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

2.  That the defendant, John Boughton, is liable for a portion of that total amount of harm caused to "Vicky."

3.  That defendant, John Boughton, is liable for $10,000 in restitution to "Vicky" based upon an apportionment of the total amount of restitution due to "Vicky." Defendant shall pay the $10,000 in restitution into the Clerk of the Court within sixty days of this Order. The Clerk of

the Court will forward the restitution to "Vicky" through her attorney. The United States

Attorney's Office shall provide the Clerk of the Court with information regarding "Vicky's"

attorney and her attorney's escrow account within ten days of this Order.

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant

United States Attorney Diane Lucas, United States Attorney's Office, 555 Fourth Street, NW,

Washington, D.C. 20530.

Dated this _____ day of _____, 2009,

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE