# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>JOHN BOUGHTON | JUDGMENT IN A CRIMINAL CASE **FILED**<br>Case Number: 09-84 (EGS)  OCT 1 3 2009<br>USM Number: 29681-016  Clerk, U.S. District and Bankruptcy Courts<br>Jon Norris/Michelle Zamarin, AUSA<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   ONE OF THE INFORMATION

☐ pleaded nolo contendere to count(s)
    which was accepted by the court.

☐ was found guilty on count(s)
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 2252A(a)(5)(B) and 2256(8) | Possessing Material Constituting or Containing Child Pornography | October 30, 2008 | 1 |

The defendant is sentenced as provided in pages 2 through __11__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s) ALL REMAINING COUNTS ARE DISMISSED   is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

JULY 29, 2009
Date of Imposition of Judgment

Signature of Judge

EMMET G. SULLIVAN        U.S. DISTRICT JUDGE
Name of Judge            Title of Judge

October 13, 2009
Date

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

40 Months as to Count One.

☑ The court makes the following recommendations to the Bureau of Prisons:

The defendant shall be placed in the Federal Correctional Institution located in Devens, Massachusetts.
The defendant shall be allowed to participate in the 500 Hour Drug Treatment Program when eligible.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☑ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of:

180 Months as to Count One.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☒ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

## ADDITIONAL SUPERVISED RELEASE TERMS

The defendant shall pay $10,000.00 in restitution into the Clerk of the Court within sixty days of this order.

The defendant shall comply with the Sex Offender Registration requirements for convicted sex offenders in any jurisdiction where he reside, are employed, carry on a vocation, or are a student.

The defendant shall submit to a periodic unannounced examinations of his computer, and any computer assessed by him, by the Probation Office.

The defendant shall consent to third party disclosure to any employer, or to any future employer prior to accepting any employment offer, concerning any computer related restrictions that are imposed. He shall not be employed in any capacity or participate in any volunteer activity that involves contact with a minor except under under circumstances approved in advance by the Probation Office.

Without prior approval of the Probation Office, the defendant shall not possess, or use, any data encryption technique or program and shall refrain from accessing, via computer, any pornographic images. He shall maintain a daily log of all Internet addresses accessed by way of a computer, other than those authorized for employment, and shall make a log available to the Probation Office for review; and shall not possess or use a computer that has access to any "on-line computer service" at any location, including his place of employment, without the prior approval of the Probation Office. "On-line computer service" includes, but is not limited to, any internet service provider, bulletin board system, or any other public or private computer network.

The defendant shall cooperatively participate in a mental health program specifically related to sexual offender therapy, as approved by the Probation Office, and abide by all program rules, requirements and conditions, which may include, but is not limited to submission to periodic and random polygraph testing, plethysmograph examinations, and ABEL Assessments.

The defendant shall not associate or reside with any known sex offender.

The defendant shall have no direct or indirect contact with children, age 18 or younger, and shall refrain from loitering in any place where children congregate, including but not limited to residences, arcades, parks, playgrounds, and schools, without the approval of the Probation Office; and he shall not reside with a child or children under the age of 18 without the expressed and written approval of the minor's legal guardian and the written or oral permission of the Probation Office.

Without the prior approval of the Probation Office, he shall not possess any pornographic, or sexually oriented materials, including visual, auditory, telephonic, or electronic media, and/or computer programs or services that are relevant to his offense conduct or behavioral pattern relating to child pornography and he shall not patronize any place where pornography or erotica can be accessed or are expressly offered, obtained or viewed, including establishments where sexual entertainment is available (i.e. adult bookstores, peep shows, or adult entertainment establishments).

Without the prior approval of the probation office, he shall not utilize "900" adult telephone numbers or any other sexually related telephone numbers and shall confirm compliance through the submission of personal/business telephone records.

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

Judgment—Page 5 of 11

## ADDITIONAL STANDARD CONDITIONS OF SUPERVISION

The defendant shall not own or possess any type of camera or video recording device without the approval of the Probation Office (which does not refer to a DVD or VCR player).

The defendant shall comply with the Bureau of Immigration and Customs Enforcement's immigration process. Following his incarceration sentence, he shall not re-enter the United States without legal authorization during the period of supervision. Should he receive permission to return to the United States, he shall report to the U.S. Probation Office in the area where he intend to reside within 72 hours of his return.

The Court entered a Consent Order of Forfeiture, filed July 29, 2009, and that Consent Order is incorporated in the Judgment and Commitment as part of the sentence in the case.

The Court entered a Consent Restitution Order, filed September 15, 2009, and that Consent Order is incorporated in the Judgment and Commitment as part of the sentence in the case.

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

## CRIMINAL MONETARY PENALTIES

|        | Assessment | Fine | Restitution |
|--------|-----------|------|-------------|
| TOTALS | $ 100.00  | $    | $ 10,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☑ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| Clerk of the Court |  | $10,000.00 |  |
| United States District Court |  |  |  |
| 333 Constitution Avenue, NW |  |  |  |
| Washington, DC 20001 |  |  |  |

| TOTALS | $ 0.00 | $ 10,000.00 |
|--------|--------|-------------|

☑ Restitution amount ordered pursuant to plea agreement $ 10,000.00

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JOHN BOUGHTON
CASE NUMBER: 09-84

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    Special Assessment shall be due during the period of supervised release.
    Restitution in the amount of $10,000.00 shall be due within 60 days of this Order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. :
: CRIMINAL NO. 09-cr-00084 (EGS)
JOHN BOUGHTON, :
:
Defendant. :
:

## CONSENT ORDER OF FORFEITURE

WHEREAS a written plea agreement was filed with this Court and signed by defendant JOHN BOUGHTON (hereinafter "BOUGHTON") and his counsel, Jon W. Norris, in which BOUGHTON agreed to plead guilty to a felony violation, that is, possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B);

WHEREAS in his plea agreement, BOUGHTON expressly agreed and consented to the entry of an Order of Forfeiture under Fed. R. Crim. P. 32.2(b)(2), regarding the following "Subject Property" which was seized during the execution of a search warrant at xxxx 33rd Street, N.W. Washington, D.C. on October 30, 2008, specifically: Dell XPS laptop computer; 4 thumbdrives; Sandisk external hard drives; 27 Media-CDs and DVSs; Dell laptop computer; 2 AHP Pavilion CPUs; Seagate external hard drive; Palm Pilot; Compaq Deskpro CPU; and Sony Palm. BOUGHTON agrees that the Subject Property is subject to forfeiture, pursuant to Title 18, United States Code, Section 2253, as any book, magazine, periodical, film, videotape, or other matter which contains any such visual depictions, described in Title 18, United States Code, Section 2252A, which were produced, transported, mailed, shipped, or received in violation of

the chapter; and/or that constituted or was traceable to gross profits or other proceeds obtained from such offense; and/or property that was used or intended to be used to commit or to promote the commission of the offense set forth above; and

WHEREAS the Court has determined, based on the evidence set forth during BOUGHTON's guilty plea hearing, that forfeiture of the Subject Property is appropriate pursuant to Title 18, United States Code, Section 2253, and that the Government has established the requisite connection between the Subject Property and the violation of Title 18, United States Code, Section 2252A;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the following Subject Property is declared forfeited to the United States, pursuant to Title 18, United States Code, Section 2253:

**SUBJECT PROPERTY:**

(a) Dell XPS laptop computer;

(b) 4 thumbdrives;

(c) Sandisk external hard drives;

(d) 27 Media-CDs and DVSs; Dell laptop computer;

(e) 2 AHP Pavilion CPUs; Seagate external hard drive;

(f) Palm Pilot;

(g) Compaq Deskpro CPU; and

(h) Sony Palm

which were seized during the execution of a search warrant at xxxx 33rd Street, N.W. Washington, D.C. on October 30, 2008, as any book, magazine, periodical, film, videotape, or

other matter which contains any such visual depictions, described in Title 18, United States Code, Section 2252A, which were produced, transported, mailed, shipped, or received in violation of the chapter; and/or that constituted or was traceable to gross profits or other proceeds obtained from such offense; and/or property that was used or intended to be used to commit or to promote the commission of the offense set forth above.

2. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

3. The United States may publish notice of the Order and its intent to dispose of the Subject Property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1). Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of this Consent Order of Forfeiture, pursuant to Title 18, United States Code, Section 2253(b) (incorporating Title 21, United States Code, Section 853).

4. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional

facts supporting the petitioner's claim, and the relief sought.

5. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

6. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853 for the filing of third party petitions.

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Consent Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Michelle Zamarin, Federal Major Crimes Section, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this 27th day of July, 2009.

_____
UNITED STATES DISTRICT JUDGE

WE ASK FOR THIS:

CHANNING D. PHILLIPS, D.C. Bar #415793
ACTING UNITED STATES ATTORNEY

By: *Michelle Zamarin*
MICHELLE ZAMARIN, D.C. Bar #424740
Assistant United States Attorneys
Federal Crimes Section
555 Fourth Street, NW
Washington, D.C. 20530
(202) 305-2195
michelle.zamarin@usdoj.gov

JOHN BOUGHTON
Defendant

JON W. NORRIS, ESQUIRE
Counsel for Defendant Boughton

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. 09-084 (EGS) |
| v. | : | |
| **JOHN BOUGHTON,** | : | |
| **Defendant.** | : | |

### CONSENT RESTITUTION ORDER

WHEREAS, on July 29, 2009, defendant John Boughton was sentenced to term of forty months incarceration followed by a three year period of supervised release upon his plea and conviction to one count of possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B). Pursuant to Title 18, United States Code, Section 3664(d)(5), and with the consent of the parties, the issue of restitution was bifurcated from the imposition of sentence, and a status hearing was scheduled for August 25, 2009.

WHEREAS, the Court finds that the mandatory restitution section of the Violence Against Women Act of 1994 ("VAWA"), codified at Title 18, United States Code, Section 2259, which requires the Court to impose restitution order for any offense under Chapter 110, applies to a conviction for possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

WHEREAS, the Court finds that Title 18, United States Code, Section 2259(c) defines a "victim" as an individual "harmed as a result of a commission of a crime" under Chapter 110, including a victim who is under eighteen years of age, incompetent, incapacitated or deceased, the legal guardian of the victim or representative of the victim's estates.

WHEREAS, the Court finds that restitution, pursuant to Title 18, United States Code, Section 2259, is available to victims who are harmed as a proximate result of a Chapter 110 offense.

WHEREAS, the Court finds that defendants convicted of Chapter 110 offenses must compensate their victims for the "full amount of the victim's losses," including:

> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(2).

WHEREAS, the Court finds that Title 18, United States Code, Section 3664(h), which is incorporated by Title 18, United States Code, Section 2259(b)(2), allows the Court to apportion liability among defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

WHEREAS, the Court finds that there is no dispute that the defendant possessed on his computer images of child pornography that depicted "Vicky" being sexually abused when she was approximately 10 or 11 years old.

WHEREAS, the Court finds that there is no dispute that "Vicky" is a victim based upon the presentence report, victim impact statement(s), forensic psychological report of "Vicky," and statements of counsel.

WHEREAS, there is no dispute that harm was caused to "Vicky" by persons who possess, disseminate or share the images of "Vicky" being sexually abused as a child.

Specifically, the Court finds that "Vicky's" knowledge that images of her abuse were being disseminated and possessed by others caused "Vicky" to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse. Accordingly, the Court finds that "Vicky" was harmed as a result of the criminal conduct engaged in by the defendant, John Boughton.

WHEREAS, there is no dispute that other individuals have been charged in multiple Districts with possessing material constituting or containing child pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), wherein "Vicky" was a victim.

WHEREAS, there is no dispute that the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That the total amount of harm caused to "Vicky" is between $148,439.15 and $150,079.15, including: (1) between $126,365 and $128,005 for future mental health treatment; (2) $17,874.15 for the cost of her forensic psychological evaluation; and (3) attorney's fees in the amount of $4,200.

2. That the defendant, John Boughton, is liable for a portion of that total amount of harm caused to "Vicky."

3. That defendant, John Boughton, is liable for $10,000 in restitution to "Vicky" based upon an apportionment of the total amount of restitution due to "Vicky." Defendant shall pay the $10,000 in restitution into the Clerk of the Court within sixty days of this Order. The Clerk of

the Court will forward the restitution to "Vicky" through her attorney. The United States Attorney's Office shall provide the Clerk of the Court with information regarding "Vicky's" attorney and her attorney's escrow account within ten days of this Order.

4. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney Diane Lucas, United States Attorney's Office, 555 Fourth Street, NW, Washington, D.C. 20530.

Dated this 14th day of September, 2009

EMMET G. SULLIVAN
UNITED STATES DISTRICT JUDGE